# EXHIBIT A-2

Receipt Number: 938743

EML

Tracking Number: 74040154

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202250779

PLAINTIFF: WOODS, ADRIAN

vs.

DEFENDANT: KIPP TEXAS INC (A/K/A KIPP INC AND
KIPP D/B/A KIPP TEXAS PUBLIC

In the 151st Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: KIPP TEXAS INC (A/K/A KIPP INC AND KIPP D/B/A KIPP TEXAS PUBLIC SCHOOLS) BY
SERVING ITS AGENT SEHBA ALI
10711 KIPP WAY DRIVE
HOUSTON TX 77099

Attached is a copy of ORIGINAL PETITION.

This instrument was filed on August 17, 2022, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you. In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be
made no later than 30 days after you file your answer with the clerk. Find out more
at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
August 17, 2022.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
PECKHAM, CHARLES HENRY
800 BERING DR #220
HOUSTON, TX  77057
713-574-9044
Bar Number: 15704900

Tracking Number: 74040154

CAUSE NUMBER: 202250779

| | |
|---|---|
| PLAINTIFF: WOODS, ADRIAN | In the 151st |
| vs. | Judicial District Court |
| DEFENDANT: KIPP TEXAS INC (A/K/A KIPP INC AND KIPP D/B/A KIPP TEXAS PUBLIC | of Harris County, Texas |

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____              _____ of

County, Texas

_____        By: _____
          Affiant                                           Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
                              Notary Public

8/17/2022 10:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67377827
By: Wanda Chambers
Filed: 8/17/2022 10:37 AM

CAUSE NO. 2022-50779

| | | |
|---|---|---|
| **ADRIAN WOODS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **KIPP TEXAS INC. a/k/a** | § | |
| **KIPP, INC. AND KIPP** | § | |
| **d/b/a KIPP TEXAS** | § | |
| **PUBLIC SCHOOLS** | § | |
| | § | |
| **Defendant.** | § | **151st JUDICIAL DISTRICT** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, ADRIAN WOODS (hereinafter "Plaintiff"), and files this, his Original Complaint against KIPP TEXAS, INC. A/K/A KIPP, INC. AND KIPP D/B/A KIPP TEXAS PUBLIC SCHOOLS (hereinafter "Defendant") and in furtherance thereof, would respectfully show unto this Court as follows:

### I.

### PARTIES

1.  Plaintiff is an adult resident citizen of Harris County, Texas.

2.  Defendant, KIPP TEXAS, INC. A/K/A KIPP, INC. AND KIPP D/B/A KIPP TEXAS PUBLIC SCHOOLS may be served by its agent – Sehba Ali, 10711 KIPP Way Drive, Houston, Texas 77099-2675. is a domestic non-profit corporation with its principal place of business in Harris County, Texas and doing business in Texas. For the purposes of

this action, KIPP TEXAS, INC. A/K/A KIPP, INC. AND KIPP D/B/A KIPP TEXAS PUBLIC SCHOOLS is a state actor in that it receives state funding, is governed and overseen by the Texas Education Agency and the Texas Charter School Authorizing and Administration Division, acts under Charter of the State of Texas, and is administered through 19 TAC Chapter 100.  As a result, KIPP TEXAS, INC. A/K/A KIPP, INC. AND KIPP D/B/A KIPP TEXAS PUBLIC SCHOOLS is a state actor and is subject to the jurisdiction of the Courts of the State of Texas.  Defendant has employed 501+ employees during each of 20 or more calendar workweeks in the current or preceding calendar year and it has more than 20 employees and is an "employer" within the meaning of the Texas Labor Code Sections 21.051, .055, .128 and all applicable laws.

## II.

## JURISDICTION, VENUE AND DISCOVERY PLAN

3.   All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction.  Pursuant to Rule 47, Plaintiff seeks more than $1,000,000.00.

4.   Venue is generally proper in Harris County pursuant to the TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1) as the events giving rise to the cause of action in this lawsuit occurred, in whole or in substantial part, in Harris County, Texas.

5.   Plaintiff pleads the application of Discovery Level II pursuant to TEX.R.CIV.P. 190.3.

6.   All conditions precedent to jurisdiction have occurred or have been met.

7.   A charge of employment discrimination on the basis of disability and retaliation was timely filed on or about November 10, 2020 jointly with the Equal Employment

Opportunity Commission (the "EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC").

8.   The EEOC/TWC notification of right to sue was received on or after June 24, 2022.

9.   This original complaint was filed within 60 days of the receipt of the EEOC/TWC notification of right to sue.

10.  The Plaintiff, having exhausted all administrative remedies, now files his lawsuit against the Defendant on the basis of Disability Discrimination, Veterans Status, Harassment, and Retaliation.

### III.

### GENERAL FACTS

11.  At all pertinent times Plaintiff was a United States military combat medic veteran and a disabled male.

12.  Plaintiff was employed by Defendant as an Assistant Principal with a title of "Dean of Culture" working with special needs children.

13.  Plaintiff has undergone numerous surgeries and medical issues related to his military service disabilities. When applying for the job with Defendant, Plaintiff disclosed his military service.

14.  On his first day working with Defendant in July 2019, he was recovering from surgery required by his service-related disabilities.

15.  His service-related disabilities include, among other things, post-traumatic stress disorder, anxiety, clinical depression, gastroparesis, and neuropathy.

16.  One of the triggers of Plaintiff's PTSD is stress which worsens his condition. This in turn

affects his performance at work. Medications that Plaintiff takes to assist with all of this affects his concentration. Plaintiff's supervisor, Kaleena Coleman, was advised of the stress-triggers and was fully aware.

17. In August 2019, Plaintiff became ill and had to leave a professional development meeting. Plaintiff was then written up for leaving the meeting early so he had to disclose his military-related disability to his supervisor, Kaleena Coleman.

18. Ms. Coleman then began a campaign of harassment and retaliation against Plaintiff. She assigned Plaintiff various tasks that were not part of the essential functions of his position that began to cause him a great deal of stress and affected his condition. Ms. Coleman also falsely accused Plaintiff of things that had not occurred, such as yelling at another employee. Ms. Coleman was attempting to set Plaintiff up for termination.

19. At the end of June 2020, Plaintiff filed a grievance and asked for a transfer away from Ms. Coleman. Both the grievance and the transfer were denied because of Plaintiff's disability. When Plaintiff appealed the denial of the grievance and request to transfer, he provided a written disclosure of his medical condition and requested accommodation.

20. The appeal resulted in the requested accommodations to Plaintiff as of September 21, 2020. As accommodations, Plaintiff was allowed to leave to see his treating psychiatrist when needed. He was allowed to be able to handle one task at a time, as with his condition, multi-tasking results in the same increased stress that actually reduces productivity. He was allowed to have the opportunity to correct completed work after review as long as assigned matters were completed prior to deadline.

21. However, Plaintiff was refused a transfer.

22.   Thereafter, Ms. Coleman continued to load Plaintiff with jobs and tasks that were not in his job description and were not essential functions.  On or about October 20, 2020, Plaintiff complained to Ms. Coleman about this.  She told Plaintiff that he was making too much money and that he needed to "learn how to multi-task".  Of course, this was a direct harassment of Plaintiff because of my disabilities and the granted accommodations. This caused Plaintiff's stress level to increase and his medical conditions to flare. Plaintiff told Ms. Coleman that he could not do multiple projects and that should be handled by different staff members.

23.   That same morning, October 20, 2020, Plaintiff knew that he needed leave to deal with the exacerbations to his medical condition.  It took the Human Resources department all day to get the leave forms to Plaintiff.

24.   On October 21, 2020, Plaintiff was told that his leave would be covered back to October 21, 2020, as his first day out of work. The leave was also an accommodation that Plaintiff was being given related to his disabilities.

25.   However, Ms. Coleman directed Plaintiff to attend a meeting that afternoon, even though Plaintiff was mentally and physically incapable and his leave was to be effective back to that day.  Plaintiff spoke with Ms. Coleman and she said she knew that Plaintiff had applied for leave and that he was having difficulties due to his medical condition, but she told Plaintiff to attend the meeting anyway.

26.   Plaintiff tried to attend the meeting but could not due to his medical condition.  He was then fired on October 21, 2020, for 'insufficient performance' for not being able to attend the meeting due to his disability.

27.  This interfered with Plaintiff's ability to get leave and to be accommodated for his disabilities.

28.  Defendant discriminated against and retaliated against Plaintiff wholly based upon his disability knowing that he would be deprived of his job and leave benefits.

29.  Plaintiff has been relieved of his job and all of his work duties and benefits.  Plaintiff lost and will continue to lose pay and benefits of employment.

30.  Plaintiff has been harassed and discriminated against because of his disability and veterans status. He has been retaliated against.  All of these are violations of the Texas Labor Code Section 21.

## IV.

## CAUSE OF ACTION

**Discrimination in Employment**
**Disability Discrimination and Harassment**

31.  Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Petition the same as though specifically set out herein again.

32.  This action arises in part under the under the Texas Labor Code §21.051, §21.055, and §21.105.

33.  This suit is brought seeking legal and equitable remedies.

34.  Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments.   Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful disability discrimination.

35.  Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

36.     Furthermore, Defendant is liable for the conduct of their employees, officers, and superiors due to the doctrine of *respondeat superior*.

37.     Defendant failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

38.     Not only did Defendant not take remedial action sufficient to stop this discrimination, but by and through its employees, officers, and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against its victim.

39.     Plaintiff alleges that, in addition to the practices enumerated above Defendant has engaged in other discriminatory practices against him which are not yet fully known.  At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

40.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

41.     Plaintiff alleges that the outrageous conduct of the Defendant described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him.  Through its officers, managing agents and/or its supervisors, Defendant authorized, condoned and/or ratified this unlawful conduct.

By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## V.

## CAUSE OF ACTION

### Retaliation in Employment

42.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

43.     This action arises in part under the Texas Labor Code §21.051, §21.055, §21.105.

44.     This suit is brought seeking legal and equitable remedies.

45.     Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. Defendant, through its agents, representatives, employees, or supervisors, engaged in a pattern and practice of retaliation.

46.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

47.     Furthermore, Defendant is liable for the conduct of its employees, officers, agents, representatives, and superiors due to the doctrine of *respondeat superior.*

48.     Defendant failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

49.     Defendant did not take remedial action sufficient to stop this retaliation, but by and through its employees, officers, and supervisors, aided and abetted it.

50.     Plaintiff alleges that, in addition to the practices enumerated above, Defendant has

engaged in other retaliatory discriminatory practices against him which are not yet fully known.  At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

51.    As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

52.    Plaintiff alleges that the outrageous conduct of Defendant described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him.  Through its officers, agents, representatives and/or its supervisors, Defendant authorized, condoned and/or ratified this unlawful conduct including.  By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## VI.

## CAUSE OF ACTION

### Violation of USERRA Rights

53.    Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out here again.

54.    Each of the Defendants' actions caused the violation of Plaintiff's USERRA rights such that Plaintiff is exercising a right provided by USERRA, was a motivating factor in the discrimination, harassment, failure to accommodate, and retaliation he faced for having a service-related disability and needing accommodation for it, and accommodation that

was reasonable and available.

55.    Defendant unlawfully retaliated against Plaintiff, among other ways, by creating a toxic environment, attempting to blame Plaintiff for issues that related to his service and disability, and other actions in order to justify their unlawful actions, and discharging Plaintiff.

## VII.

### ATTORNEYS' FEES, COSTS AND EXPENSES

56.    As a further direct and proximate result of Defendant's violations of law, as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.   The Plaintiff requests that attorneys' fees, costs, and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

## VIII.

### JURY TRIAL REQUESTED

57.    Plaintiff requests a jury in this case.  The fee has been contemporaneously paid.

## IX.

### AD DAMNUM

58.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in his favor and against Defendant for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment, and post-judgment interest as allowed by law; attorneys' fees; costs; and

expenses. Plaintiff further requests all equitable relief allowed under law, including injunctive relief should that be sought. Should further actions of the Defendant require additional equitable/injunctive relief, the plaintiff hereby prays for that relief.

Respectfully submitted,

Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@pmlaw-us.com

Mary A. Martin
TBN: 00797280
FBN: 12272
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044

**COUNSEL FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charles  Peckham  on behalf of Charles  Peckham
Bar No. 15704900
cpeckham@pmlaw-us.com
Envelope ID: 67377827
Status as of 8/17/2022 11:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles HPeckham | | cpeckham@pmlaw-us.com | 8/17/2022 10:37:03 AM | SENT |
| Martha Cancino | | asst@pmlaw-us.com | 8/17/2022 10:37:03 AM | SENT |
| Mary A.Martin | | mmartin@pmlaw-us.com | 8/17/2022 10:37:03 AM | SENT |
| Veronica Melendez | | asst2@pmlaw-us.com | 8/17/2022 10:37:03 AM | SENT |